People ex rel. Henry Day, as Trustee, etc., Respondent, v. Edward P. Barker et al., as Commissioners of Taxes, etc., Appellants.

### Same v. Same.

Where securities belonging to a trust fund were in the possession of three trustees, jointly in another state, two of the trustees being residents of that state, and the other of this state, *held*, that they were not taxable in this state under the act of 1883 (Chap. 392, Laws of 1883), declaring that "all debts and obligations for the payment of money due or owing to persons residing within this state, * * * wherever said securities shall be held, shall be deemed for the purposes of taxation personal property within this state, and shall be assessed as such to the owner or owners."

Also *held*, that the question was not affected by the fact that such securities were bonds secured by mortgages upon lands in this state.

(Argued October 17, 1892; decided October 25, 1892.)

Appeals from orders of the General Term in the first judicial department, made February 18, 1892, which affirmed orders of the Special Term adjudging illegal and erroneous the action of tax commissioners in assessing the personal estate of the relator.

The following is the opinion in full:

"We are unable to perceive any material distinction between this case and that of *People ex rel. Darrow* v. *Coleman* (119 N. Y. 137). Here, as there, the securities constituting the trust fund were with a safe deposit company in New Jersey. The beneficiaries were non-residents. The relator and one of his co-trustees are residents of New Jersey, the other trustee residing in Westchester county, in this state. The counsel for the appellants contends that while, in the other case, the non-resident trustee had the possession of the securities in the city where he resided; in the present case neither the relator nor the other non-resident trustee had the custody, or physical control, of the securities, and they did not reside in the particular city where the securities were deposited. The fact is that access to these trust securities was permitted to any two of the trustees, or to one of them when in company with their secretary. But the difference is unimportant. The possession

of the securities was in the three trustees jointly, and not in the relator alone.

"Nor can the description of the securities affect the question; for, although some may have been in bonds secured by mortgages upon New York real estate, they were debts which were due to the three trustees jointly. Assuming the relator may have been residing in New York city on the second Monday of January, 1891, the securities were not within this state at the time, and the act of 1883 (Chap. 392) would not apply, because they were debts or obligations which were not due solely to the relator, if he could be deemed an " owner " within the terminology of the act, but to him jointly with others. Our decision in the *Darrow* case must be regarded as controlling the disposition of the present case.

" The orders should be affirmed, with costs."

*George S. Coleman* for appellants.

*Daniel Lord, Jr.,* for respondent.

*Per Curiam* opinion for affirmance.
All concur, except MAYNARD, J., not voting.
Orders affirmed.