(63 App. Div. 174.)

PEOPLE ex rel. BEAMAN et al. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. TAXATION—PROPERTY OF DECEDENT.

Where money belonging to a decedent's estate was deposited in the city where one of the three executors and trustees resides, one of the others being a nonresident, it was subject to taxation in such city.

2. SAME—SECURITIES.

Where securities belonging to the estate of a decedent, the beneficiaries of which were nonresidents, were transferred from the state where two executors and trustees resided to the state where another resided, to avoid taxation, and were unaccessible, except when two of the trustees or one and their secretary were present, the possession of such securities being in the trustees jointly, they were not taxable in the state where the two resided.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Certiorari by the people, on the relation of Charles C. Beaman and others, against Thomas L. Feitner and others, as commissioners of taxes, to review an assessment. From an order reducing the assessment, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James M. Ward, for appellants.

J. Hampton Dougherty, for respondents.

McLAUGHLIN, J. This is an appeal from an order reducing an assessment made against property held by the respondents as the executors of, and trustees under, the will of William M. Pritchard, deceased. When the assessment was made, one of the respondents, Mr. Beaman, resided in the city of New York; another, Mr. Smith, in the city of Yonkers, in the state of New York; and the third,

Mr. Tenney, in the state of New Jersey. The property which they held, belonging to the estate which they represented, and which the commissioners held to be liable to taxation, consisted of certain railroad bonds, bonds secured by mortgage upon real estate in the city of New York, promissory notes, and cash on deposit in a trust company in the city of New York, amounting in the aggregate to $100,350, one-third of which, the commissioners held, was subject to taxation (presumably, because one of the executors resided in the city of New York); and they declined to cancel the assessment, or reduce it below the sum of $33,450, at which the same was assessed. Immediately prior to the time when the assessment was made, all of the securities, except the cash, were deposited with a safe-deposit company in the state of New Jersey. Such deposit was made for the sole purpose of escaping taxation in the city of New York, and an arrangement was made between the respondents by which access to the securities could be obtained only when two of them were present. The removal of the securities to New Jersey immediately prior to the time when the assessment was made, for the purpose of escaping taxation in the city of New York, having been made to appear to the commissioners of taxes and assessments, they thereupon refused to reduce the assessment below the sum named; and the respondents applied to the special term, by writ of certiorari, to review their action, the result of which application was that the assessment was reduced to the sum of $4,310.55, or one-half of the cash, and the commissioners have appealed.

We are of the opinion that all of the cash was liable to assessment. It was in the city of New York, where one of the executors resided, and, for the purposes of taxation, was then in possession of one of the executors. As to the property in New Jersey, we do not think, under the decision of People ex rel. Day v. Barker, 135 N. Y. 656, 32 N. E. 252, that it was subject to taxation in the city of New York. The facts are very much like the facts in the Day Case. The securities constituting the trust fund were deposited with a safe-deposit company in New Jersey, where one of the executors resided. The beneficiaries were nonresidents. The fact that an agreement had been made by which access to the securities could only be had when two of the trustees were present does not distinguish this from the Day Case, because there substantially the same agreement existed. In disposing of the Day Case, the court said:

"We are unable to perceive any material distinction between this case and that of People v. Coleman, 119 N. Y. 137, 23 N. E. 488, 7 L. R. A. 407. Here, as there, the securities constituting the trust fund were with a safe-deposit company in New Jersey. The beneficiaries were nonresidents. The relator and one of his co-trustees are residents of New Jersey; the other trustee residing in Westchester county, in this state. The counsel for the appellant contends that, while in the other case the nonresident trustee had the possession of the securities in the city where he resided, in the present case neither the relator nor the other trustee had the custody or physical control of the securities, and they did not reside in the particular city where the securities were deposited. The fact is that access to these trust securities was permitted to any two of the trustees or to one of them

when in company with their secretary, but the difference is unimportant. The possession of the securities was in the three trustees jointly, and not in the relator alone."

And it was held that such securities were not taxable in this state.

The suggestion is made that, if this rule is to prevail, it furnishes an easy and convenient method for escaping taxation. This is unquestionably true, but the fault is with the legislature, from which body, if any, relief must be obtained.

It follows, therefore, that the order appealed from must be modified as indicated in this opinion, and as thus modified affirmed, without costs to either party

O'BRIEN, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J.   I dissent. I am of opinion that the whole estate is taxable.