THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES C.
BEAMAN et al., as Trustees under the Will of WILLIAM M.
PRICHARD, Deceased, Respondents, *v.* THOMAS L. FEITNER
et al., as Commissioners of Taxes and Assessments of the
City of New York, Appellants.

TAX — METHOD OF ASSESSING PERSONAL PROPERTY HELD BY TWO OR
MORE TRUSTEES.   Where taxable personal property is held by two or
more trustees jointly, each trustee must be assessed under the provisions
of the Tax Law (L. 1896, ch. 908) in the tax district in which he resides
for his proportionate share of such trust estate, and where taxable per-
sonal property is held by three trustees, two of whom are residents and
the third a non-resident of the state, each resident trustee should be
assessed for one-third of all the taxable personal property of the trust
estate.

*People ex rel. Beaman* v. *Feitner*, 63 App. Div. 174, reversed.

(Argued October 2, 1901; decided October 18, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered July
18, 1901, which modified, and affirmed as modified, an order
of Special Term reducing an assessment upon personal prop-
erty held by the relators.

On the second Monday of January, 1899, the respondents
were trustees under the will of William M. Prichard, deceased,
and their respective places of residence were as follows:
Charles C. Beaman, New York city; Duncan Smith, city of

Yonkers; Levy S. Tenny, town of Glenridge, state of New Jersey. They had had an accounting, as executors, and had turned over to themselves as trustees, pursuant to the directions of the will, the residuary estate and thereafter they held the same as a trust fund for the benefit of certain persons who resided at Concord, Mass. The property liable to taxation thus held by them consisted of railroad bonds, bonds secured by mortgages on real estate in the city of New York and promissory notes of the value in all of $91,737.50. They also had the sum of $8,621.10 on deposit in certain banks in the city of New York, making an aggregate of $100,358.60. On the 6th of January, 1899, all of said securities were deposited by the respondents in a safe deposit company in Jersey City, New Jersey, for the express purpose of avoiding the payment of any taxes upon them in the state of New York. The interest on said securities was all collected in the city of New York and deposited in banks there and the cash on deposit was not removed to New Jersey, but allowed to remain undisturbed in the various banks where it had been deposited. By agreement between the respondents and the safe deposit company, access to the securities deposited in the state of New Jersey could be had only when two of the trustees were present. The trust estate was originally assessed at the sum of $148,850, but upon application to the commissioners it was reduced to $33,450, representing one-third of the value of the trust estate, less the deductions required to be made by law. Upon review by the Special Term the assessment was reduced to $4,310.55, upon the ground that none of the securities were taxable in this state, and that only one-half of the amount of cash on deposit was liable to taxation in the city of New York. The Appellate Division modified the order of the Special Term by increasing the assessment to the sum of $8,621.10, upon the ground that all of the cash deposited was subject to taxation in New York city, the presiding justice dissenting upon the ground that the whole estate was taxable there. The commissioners appealed from the order of the Appellate Division to this court.

*John Whalen, Corporation Counsel (James M. Ward* of counsel), for appellants.    Prior to the enactment of chapter 392 of the Laws of 1883, tangible personal property capable of physical custody and actually in another state, held, managed and controlled in that foreign jurisdiction and subject to taxation there, was not taxable to a citizen of the state of New York.    (*People ex rel.* v. *Smith,* 88 N. Y. 576 ; *People ex rel.* v. *Comrs. of Taxes,* 23 N. Y. 224 ; *People ex rel.* v. *Coleman,* 21 Abb. [N. C.] 168 ; 53 Hun, 482 ; 119 N. Y. 139.)    The object of the law of 1883 was, at least so far as debts and obligations were concerned, whether secured or unsecured, to apply what is said to be the fiction of the law that the situs of a debt is the domicile of the owner. (*People ex rel.* v. *Feitner,* 54 App. Div. 217 ; 165 N. Y. 645 ; *Kirtland* v. *Hotchkiss,* 42 Conn. 426 ; 100 U. S. 491 ; *People ex rel.* v. *Smith,* 88 N. Y. 584 ; *People ex rel.* v. *Comrs. of Taxes,* 23 N. Y. 224.)    The trust property was not exempt from taxation for any of the reasons set forth in the petition. (*People ex rel.* v. *Coleman,* 21 Abb. [N. C.] 168 ; 53 Hun, 482.)

*J. Hampden Dougherty* for respondents.    The securities in question are exempt from assessment and taxation.    (*People ex rel.* v. *Coleman,* 119 N. Y. 137 ; *People ex rel.* v. *Barker,* 135 N. Y. 656 ; *People ex rel.* v. *Smith,* 88 N. Y. 576.)    The contention of the appellants that section 8, chapter 908, Laws of 1896, has effected such a change in the law as to render the securities in question taxable is untenable.    (L. 1883, ch. 392 ; *People ex rel.* v. *Comrs. of Taxes,* 23 N. Y. 224.)

VANN, J.    The Revised Statutes provided that "all lands and all personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation, subject to exemptions hereinafter specified."    (2 R. S. [7th ed.] 981.)    Under this statute it was held that mortgage securities owned by a resident of this state, but taken by and in the custody of his agents who resided in other states, were not "per-

sonal estate within this state," and not liable to taxation here. (*People ex rel. Jefferson* v. *Smith*, 88 N. Y. 577.)

By chapter 392 of the Laws of 1883 it was provided that "all debts and obligations for the payment of money due or owing to persons residing within this state, however secured or wherever such securities shall be held, shall be deemed for the purposes of taxation personal estate within the state, and shall be assessed as such to the owner or owners thereof in the town, village or ward in which such owner or owners shall reside at the time such assessment shall be made." When this statute was under consideration in *People ex rel. Darrow* v. *Coleman* (119 N. Y. 137) it was held that where two of three co-trustees resided in this state and the third in another state, the beneficiaries being also non-residents, an assessment of securities in the hands of the non-resident trustee was void upon the ground that the act of 1883 "means that the debt must be one which is *solely* due or owing to residents of this state," and "not a debt due or owing to persons residing in this state * * * in connection with another who is a joint owner and who is not a resident within this state, and such other has possession of the securities." The court further said that the statute did not mean " to include as owners persons who are trustees only and thus assess them for the property not held by them and not within this state."

In *People ex rel. Day* v. *Barker* (135 N. Y. 656) securities belonging to a trust fund were in the possession of three trustees jointly in another state, two being residents of that state and one of this state. It was held, the same statute being still in force, that the question was not affected by the fact that such securities were bonds secured by mortgages upon land in this state, and that "the possession of the securities was in the three trustees jointly and not in the relator alone." The court declared that there was no material distinction between the case then in hand and the *Darrow* case, which was "regarded as controlling."

By the Tax Law (L. 1896, ch. 908) chapter 392 of the Laws of 1883 was repealed, and the assessment in question is governed

364          People ex rel. Beaman *v.* Feitner.          [Oct.,

Opinion of the Court, per Vann, J.          [Vol. 168.

by the later statute.    By section two, subdivision four, of the Tax Law, it is provided that " the terms ' personal estate,' and ' personal property,' as used in this chapter, include chattels, money, things in action, debts due from solvent debtors, whether on account, contract, note, bond or mortgage ; debts and obligations for the payment of money due or owing to persons residing within this state, however secured or wherever such securities shall be held    *    *    *."    According to section three " all real property within this state, and all personal property situated or owned within this state, is taxable unless exempt from taxation by law."    The next section defines property exempt from taxation, but it does not include any of the property involved in this appeal:  By section eight, which relates to the " place of taxation of property of residents," it is provided that " every person shall be taxed in the tax district where he resides when the assessment for taxation is made, for all personal property owned by him, or under his control as agent, trustee, guardian, executor or administrator. Where taxable personal property is in the possession or under the control of two or more agents, trustees, guardians, executors or administrators residing in different tax districts, each shall be taxed for an equal portion of the value of such property so held by them."    By section thirty-two, which is entitled " Assessment of agent, trustee, guardian or executor," it is provided that " if a person holds taxable property as agent, trustee, guardian, executor or administrator, he shall be assessed therefor as such, with the addition to his name of his representative character, and such assessment shall be carried out in a separate line from his individual assessment."    Such was the mode of assessment resorted to in the assessment under consideration.

Thus the legislature, knowing that the act of 1883, as construed by the courts, did not reach taxable securities held by trustees, one or more of whom were non-residents of the state, at least unless the securities were actually within this state, provided for that contingency by making such obligations taxable in part here and apportioning the assessment accord

ing to the number of resident trustees. The general rule of taxation was laid down and it was supplemented by the further command that every person shall be taxed in the tax district where he resides when the assessment is made, not only for all personal property owned by him but for all under his control as agent, trustee, etc. As this might lead to confusion where the property was in the possession or under the control of two or more agents or trustees residing in different tax districts, it was further provided that in such case each shall be taxed for an equal portion of the value of such property so held by them, and that each shall be assessed therefor, as such, with the addition to his name of his representative character. The effect of this legislation was to change the rule which formerly prevailed and to substitute a new one, founded on the equitable principle that where taxable personal property is in the possession or under the control of two or more trustees, who do not reside in the same district, each shall be assessed for an equal portion of the value of such property, and thus double taxation is avoided and no taxable property is allowed to escape. If a similar method of taxation exists in the state of New Jersey the same result would doubtless be reached there, as the trustee residing in that state would be assessed for an equal portion of the trust estate; but, according to the decision of the courts below, upon the assumption that the same scheme of taxation exists in both states, the property would be taxable in neither.

The provision of the act of 1883, upon which the decisions in the *Durrow* and *Day* cases rested, was omitted from the act of 1896, although the rest of the earlier statute was substantially re-enacted. While the omission alone is significant, the intention of the legislature is made clear by the express command to assess trustees for all taxable personal property held by them, or under their control, as such, and where it is in the possession or under the control of two or more trustees residing in different tax districts, to assess each for an equal portion, and specify his representative character. There is no difference in the scheme of taxation provided by

the Tax Law between the taxable obligations of an absolute owner and those of a trustee, except that the nature of the latter's title is to appear on the roll, and where the securities are not within the state, the assessment must be apportioned according to the rule above mentioned. Thus, every person residing in a tax district of this state is assessable for all taxable personal property of which he is the sole owner, for all that he owns as trustee and for an equal portion of all owned by him jointly with other trustees who do not reside in his tax district. This construction makes the statute operate equally upon all classes of citizens and avoids unjust discrimination between an absolute owner and an owner in trust. A bad result suggests a wrong construction, for the legislature is presumed to have intended to do justice, unless its language compels the opposite conclusion. The construction adopted by us not only makes the statute just and equal in its operation, but gives effect to every part according to its natural meaning, while that which has thus far prevailed ignores certain portions as completely as if they had never been enacted.

As the result reached restores the assessment to the amount finally fixed by the commissioners, it is unnecessary for us to consider the effect of the arrangement between the trustees and the trust company in New Jersey when they deposited the securities with it for the avowed purpose of avoiding taxation in this state, that "access to them can be obtained only when two of the executors or trustees are present."

The orders of the courts below should be reversed and the assessment reinstated, with costs in all courts.

Parker, Ch. J., O'Brien, Bartlett, Haight, Martin and Landon, JJ., concur.

Orders reversed, etc.