THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY K. McHARG et al., as Executors of JOSHUA HOWARD KING, Appellants, v. CHARLES H. GAUS et al., Constituting the Board of Assessors of the City of Albany, Respondents.

1. TAX — ASSESSMENT AGAINST EXECUTORS IN THE CITY OF ALBANY. Under section 8 of chapter 86 of the Laws of 1850 an assessment in a specified ward of the city of Albany of personal property to one of four executors, with the addition "& others Exrs. of the Est. of" a specified decedent, followed by the entry of the amount under the caption

"Personal," is sufficiently accurate to lead to the identification and names of the executors, and is in proper form to make a valid assessment in the tax district for which it was made of the personal estate held by them in such district.

2. Wᴀɪᴠᴇʀ ᴏꜰ Mɪsᴛᴀᴋᴇ ᴀs ᴛᴏ Rᴇsɪᴅᴇɴᴄᴇ ᴏꜰ Exᴇᴄᴜᴛᴏʀ. The fact that one of the executors resided in another ward does not deprive the board of assessors of jurisdiction to make the assessment against him, where having received timely notice thereof, he appears before them upon one of the grievance days by a co-executor who neither raises the objection nor informs them of the mistake, since under such circumstances he will be deemed to have waived it.

3. Wʜᴇɴ ɴᴏ Rᴇᴅᴜᴄᴛɪᴏɴ ꜰᴏʀ ᴛʜᴇ Pʀᴏᴘᴏʀᴛɪᴏɴᴀᴛᴇ Sʜᴀʀᴇ ᴏꜰ ᴀ Nᴏɴʀᴇsɪᴅᴇɴᴛ Exᴇᴄᴜᴛᴏʀ Sʜᴏᴜʟᴅ Bᴇ Mᴀᴅᴇ. When it appears that a certain sum represented the entire personal assets, and that a small part of such sum was represented by chattels situated in another state in which one of the executors resided, such assessors are justified in finding that the entire amount of the assets of the estate, less the amount situated in the foreign state, is held by the executors in the tax district composed of the city of Albany and is taxable therein, and the request that the assessment should be reduced by deducting therefrom a one-fourth equal part thereof on account of the non-residence of such executor is properly denied.

4. Iɴsᴇʀᴛɪᴏɴ ᴏꜰ Nᴀᴍᴇ ᴏꜰ Eᴀᴄʜ Exᴇᴄᴜᴛᴏʀ ɪɴ Pʟᴀᴄᴇ ᴏꜰ "& Oᴛʜᴇʀs." It is within the power of such board of assessors upon reviewing the assessment to change the entry from the name of one of the executors of the estate followed by the words "& others Exrs of the Est. of," into an entry giving the names of each of such executors and leaving the addition of their representative character untouched.

*People ex rel. McHarg* v. *Gaus,* 64 App. Div. 614, affirmed.

(Argued November 11, 1901; decided December 10, 1901.)

Aᴘᴘᴇᴀʟ from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 12, 1901, which affirmed an order of Special Term dismissing a writ of certiorari to review an assessment against the relators upon the personal property held by them as executors of Joshua Howard King, deceased.

It appears from the petition, affidavits and return that Joshua Howard King died July 18, 1900, a resident of the thirteenth ward of the city of Albany; that the relators were the executors named in his will, and, with the exception of Mr. McHarg, who was a resident of the state of Connecticut, resided in said city, and entered upon their duties as such executors about August 4th, following; that the respondents, the board of

assessors of the city of Albany, thereafter and before Sept. 1, 1900, in making the assessment roll for state and county taxes for the thirteenth ward of said city for the year 1900, made the following entry therein under the proper column:

"Marcus T. Hun and others, executors of the estate of Joshua Howard King," and opposite the same in the column "Personal" $550,000; and in a column entitled "Location" the words "31 Elk Street."

That in due time the board of assessors gave the statutory notice of the completion of the assessment rolls, and that they would remain open for inspection. Mr. Hun, in behalf of himself and his co-executors, during the time allowed for inspection, appeared before the board of assessors, made objections and filed affidavits in their support, and asked to have the assessment stricken from the roll, and, if this should be denied, that it should be reduced to the equal fourth portion that his single name represented of the whole actual amount, which he showed did not exceed $516,000, and, if that should be denied, then reduced by deducting the one-fourth equal portion upon account of the non-residence of Mr. McHarg. These requests were denied, and upon the expiration of the days of inspection the board of assessors completed the corrected assessment roll for the thirteenth ward by making the following entry in the proper columns thereof:

"Marcus T. Hun, Benjamin W. Johnson and Henrietta King of the City of Albany, and Henry K. McHarg of Stamford, Conn., Executors of the Estate of Joshua Howard King, 31 Elk Street, $516,000."

Further facts are stated in the opinion.

*Learned Hand* for appellants. The assessment is void because not made in season. (*Clark* v. *Norton*, 49 N. Y. 243; *Westfall* v. *Preston*, 49 N. Y. 349; *Overing* v. *Foote*, 65 N. Y. 263; *People ex rel.* v. *Forrest*, 96 N. Y. 544; *Sisters of St. Francis* v. *Mayor, etc.*, 51 Hun, 355; 112 N. Y. 677; *People ex rel.* v. *Barker*, 150 N. Y. 52; *A. C. Nat. Bank* v.

*Maher*, 6 Fed. Rep. 417.)  The assessment is also void because one of the executors, McHarg, lived out of the city, and one, Johnson, out of the thirteenth ward.  (*Mygatt* v. *Washburn*, 15 N. Y. 316; *Dorwin* v. *Strickland*, 57 N. Y. 492; *Hilton* v. *Fonda*, 86 N. Y. 339; *Stewart* v. *Crysler*, 100 N. Y. 378; *Sanders* v. *Downs*, 141 N. Y. 422; *People ex rel.* v. *Dederick*, 40 App. Div. 570; 160 N. Y. 687; ·*Wilcox* v. *City of Rochester*, 129 N. Y. 247.)  The assessment against the four executors being void, the court cannot make a new one. (*People ex rel.* v. *Feitner*, 26 Misc. Rep. 42; 1 Pars. on Cont. [5th ed.] ch. 2, § 1; *United States* v. *Cutting*, 3 Wall. 441; *United States* v. *Fisk*, 3 Wall. 445; *United States* v. *Washington Mills*, 2 Cliff. 607; *Sharp* v. *Speir*, 4 Hill, 76; *Whitney* v. *Thomas*, 23 N. Y. 286; *Stebbins* v. *Kay*, 123 N. Y. 31; *Cruger* v. *Dougherty*, 43 .N. Y. 107.) The tax cannot be upheld as a lien or quasi-lien upon the estate in the hands of the executors.  (*Trowbridge* v. *Horan*, 78 N. Y. 439; *Cromwell* v. *MacLean*, 123 N. Y. 474; *Matter of McCue* v. *Bd. of Suprs.*, 162 N. Y. 235; *Sanders* v. *Downs*, 141 N. Y. 422; *Williams* v. *Holden*, 4 Wend. 223; *People ex rel.* v. *Dederick*, 40 App. Div. 570; 160 N. Y. 687; *Matter of Haight*, 32 App. Div. 496; *Bowe* v. *McNab*, 11 App. Div. 386; *City of New York* v. *McLean*, 57 App. Div. 601; *People ex rel.* v. *Comr. of Taxes*, 17 Hun, 293.) The relators have lost no rights by the acts of Marcus T. Hun before the assessors.  (*People ex rel.* v. *Dederick*, 40 App. Div. 570; 160 N. Y. 687; *Matter of Corwin*, 135 N. Y. 245; *People ex rel.* v. *O'Rourke*, 31 App. Div. 583.)  If valid at all, this assessment can be valid only to the extent of three-fourths of the proper assessable value of the estate.  (*People ex rel.* v. *Feitner*, 168 N. Y. 360; *Matter of Haight*, 32 App. Div. 496.)  The allegations of the petition are sufficient to raise the issue upon the question of inequality.  (*People ex rel.* v. *Carter*, 109 N. Y. 576; *People ex rel.* v. *Christie*, 115 N. Y. 158; *Matter of Corwin*, 135 N. Y. 245; *People ex rel.* v. *Badgley*, 138 N. Y. 314; *People ex rel.* v. *Zoeller*, 15 N. Y. Supp. 684; *People ex rel.* v. *Budlong*, 25 App. Div. 373.)

1901.]    People ex rel. McHarg v. Gaus.    **23**

N. Y. Rep.]                    Points of counsel.

*James Fenimore Cooper* for Henrietta E. King et al., beneficiaries. The original assessment against M. T. Hun has disappeared from the rolls — stricken off by the assessors in consequence of what they learned from him on grievance day — and it cannot be reinstated either by the court or the assessors, nor can the action of the assessors be reviewed on certiorari. (*People ex rel. v. Bd. Fire Comrs.*, 82 N. Y. 358; *Sanders* v. *Downs*, 141 N. Y. 422; *Clark* v. *Norton*, 49 N. Y. 243; *Westfall* v. *Preston*, 49 N. Y. 349; Code Civ. Pro. § 2140.) The present assessment is void and cannot be the basis for the collection of a tax because it was placed on the books after the power to add names had passed from the assessors. (*Clark* v. *Norton*, 49 N. Y. 243; *Overing* v. *Foote*, 65 N. Y. 263; *People ex rel. v. Forrest*, 96 N. Y. 544.)

*Arthur L. Andrews* for respondents. The Appellate Division having unanimously affirmed the order of the Special Term all questions of fact found by the Special Term or essential to support the decision are to be assumed by this court. (*People ex rel. v. Barker*, 152 N. Y. 417; *People ex rel. v. Bd. of Railroad Comrs.*, 158 N. Y. 421.) The assessment to Marcus T. Hun and others, as executors of the estate of Joshua Howard King, was proper in form, and the assessors did not exceed their powers by the addition of the names of the other executors. (*Matter of McLean* v. *Horn*, 42 N. Y. S. R. 329; *People ex rel. v. Coleman*, 42 Hun, 581; *People ex rel. v. Barker*, 86 Hun, 283; 146 N. Y. 404; *People ex rel. v. Feitner*, 33 Misc. Rep. 656; 61 App. Div. 115.) The objection that the assessment was not made in the proper columns is not well taken. (*Bennett* v. *Robinson*, 42 App. Div. 412.) The entire estate was properly assessed in the city of Albany. (*People ex rel. v. Willis*, 133 N. Y. 383; *P. P. C. Co.* v. *Pennsylvania*, 141 U. S. 18; *People ex rel. v. Coleman*, 42 Hun, 581; *People ex rel. v. Comrs. of Taxes*, 38 Hun, 536; *People ex rel. v. Comrs. of Taxes*, 17 Hun, 293; *People ex rel. v. Feitner*, 63 App. Div. 176; 168 N. Y. 360; Burroughs on Taxn. 224; Desty on Taxn. § 68,

p. 332.)   The assessment was not void for inequality.   (*People ex rel.* v. *Harkness*, 84 Hun, 445; *People ex rel.* v. *Carter*, 109 N. Y. 576; *Van Deventer* v. *Long Island City*, 139 N. Y. 133; *People ex rel.* v. *Badgley*, 138 N. Y. 314.)

LANDON, J.   Section 261 of the charter of cities of the second class, of which the city of Albany is one (Chapter 415, Laws of 1900), provides that the proceedings for assessment and taxation, in order to make a valid and legal tax upon the property described in the assessment roll, shall be had according to the laws of the state appertaining to the powers and duties of assessors in said cities in force at the time the act took effect.   The General Tax Law (Chapter 908, Laws of 1896) specifies what property is taxable, and by section 3 includes all personal property " situated or owned within this state, unless exempt from taxation by law."   Chapter 86 of the Laws of 1850, as amended from time to time, was in force when the charter of cities of the second class took effect, and its provisions, so far as they cover this case, apply.   Section 8 of said chapter, as amended, provides that " the real and personal estate held by   *   *   *   executors   *   *   *   shall be assessed distinct from their individual property, and shall be carried out in a separate line under their names, or *under the name of any one* of them, where there are several, with the addition of their (not his) representative character."   This provision authorized the insertion of the single name of " Marcus T. Hun," and the added words " and others ; " since so written, " the addition of *their* representative character," namely, " Executors of the Estate of J. Howard King " would be an intelligible description of the several others, sufficiently accurate to lead to their identification and names.

Thereupon this entry in the assessment roll in the proper place, followed by the entry $550,000 under the column with the caption " Personal," was in the proper form to make a valid assessment in the tax district for which it was made of $550,000 of the personal estate of Joshua Howard King held by Mr. Hun and his co-executors in such tax district.

The executors object that the assessment was invalid against Mr. Johnson and Mr. McHarg, because it was made for the thirteenth ward, in which Mr. Hun and Mrs. King resided, but in which Mr. Johnson and Mr. McHarg did not reside, Mr. Johnson being a resident of the sixteenth ward and Mr. McHarg of the state of Connecticut.

As to Mr. Johnson : Section 6 of chapter 86, Laws of 1850 provides that the board of assessors of the city " shall prepare an assessment roll for each of the wards in the said city," in which they " shall set down in separate columns, and according to the best information in their power : In the first column the names of all the taxable inhabitants of the ward," etc. After September 1, 1900, and during the twenty days allowed for the inspection of the assessment rolls, Mr. Hun appeared before the board of assessors, and, making substantially the other objections repeated here, did not object, because Mr. Johnson resided in the sixteenth ward instead of the thirteenth ; nor did the affidavit which he submitted state that fact.    It is to be presumed that the assessors made " the diligent inquiry " the statute enjoins, and prepared the assessment roll " according to the best information in their power."

As in the information furnished them by Mr. Hun the item of Mr. Johnson's residence in the sixteenth ward was omitted, he thus confirmed to the assessors the truth of their entry as to Mr. Johnson's residence.    Thus the misleading condition, although not intended, which the court pointed out in *Wilcox* v. *City of Rochester* (129 N. Y. 247), cited by the appellants, as absent in that case, was present here.    Unless the objection is jurisdictional, lying at the foundation of the assessors' power to assess Mr. Johnson at all, we think it was waived.    The Revised Statutes did not define a tax district, but provided that " Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession, or under his control as * * * executor."    (1 R. S. 389, sec. 5.)    Chapter 86 of the Laws of

1850, entitled "An act to provide for the assessment and collection of taxes in the city of Albany," followed the same rule. The provision of the Revised Statutes was repealed by the Tax Law of 1896 (Chapter 908, Laws of 1896), and section 8 thereof provides that "Every person shall be taxed in the tax district where he resides when the assessment for taxation is made, for all personal property owned by him, or under his control as   \*   \*   \*   executor.   \*   \*   \*   Where taxable personal property is in the possession or under the control of two or more   \*   \*   \*   executors   \*   \*   \*   residing in different tax districts, each shall be taxed for an equal portion of the value of such property so held by them."

While the provision of the act of 1850 relating to the city of Albany is not repealed, it is obvious that it should be construed in harmony with the Tax Law. The city of Albany is now a single tax district within the definition contained in section 2, subdivision 1, of the Tax Law, being "a political subdivision of the state having a board of assessors authorized to assess property therein for state and county taxes." Thus, the ward is not expressly declared to be a tax district, while the city is so declared. Section 53 of the act of 1850 provides that "Where no provision on the subject is made in this act, all the general laws of this state in relation to the assessment and collection of taxes   \*   \*   \*, shall, so far, as they are applicable, be in force in respect to the assessment and collection of taxes in the city of Albany." Thus, the city of Albany is a single tax district under the general law, and the direction in the act of 1850 to "prepare an assessment roll for each of the wards in the said city" is a detail of procedure in exercising jurisdiction, namely, to assess every taxable person in the tax district; a detail not necessary to acquiring or retaining jurisdiction; important, and its omission or irregular or erroneous execution, no doubt, fatal, where it results in a failure to give the person assessed that timely notice which due process of law exacts, but not so where, notwithstanding the imperfection, error or irregularity, such person does receive timely notice and acts upon it. Thus, the assessors

had jurisdiction both of the person of Mr. Johnson and of the subject-matter, and the irregularity as to the number or roll of the ward was curable by waiver and was waived.

As to Mr. McHarg, the executor who resided in the state of Connecticut, Mr. Hun stated in his affidavit, which, during "grievance days" he submitted to the assessors, that the sum of $526,080 represented the entire personal assets of the estate of J. Howard King, taxable against the holders thereof in the hands of his executors or under their control, and that $10,000 of such sum was represented by chattels situated in the state of Connecticut. The assessors in their final revision accordingly reduced the assessment from $550,000 to $516,000. The assessors were justified in finding that assets of the estate of the latter value were held by the executors in the tax district composed of the city of Albany.

The Tax Law, section 3, declares that " All personal property situated or owned within this state, is taxable unless exempt from taxation by law." The property in question is not exempt by law; it is situated within this state. It must be taxable either where it is situated, or where its holder or controller resides. It does not follow that because Mr. McHarg does not reside in Albany that the property is not taxable there for he can exercise his holding and control by means of his directions to its custodians in Albany. It follows that it must be taxable in Albany unless the forms and methods of taxation defeat the execution of the statute which declares it liable to taxation in that city.

If the taxable property had been held by executors residing in different tax districts in the state, each executor would have been taxable " for an equal portion of the value of such property so held by them" under section 8 of the Tax Law. (*People ex rel. Beaman* v. *Feitner*, 168 N. Y. 360.) It may be conceded that the provisions of chapter 86, Laws of 1850, do not expressly cover that case. But, as we have seen, they do cover this case so far as to permit the assessment in the first instance in the name of " Marcus T. Hun and others, executors of the estate of Joshua Howard King," no objection

28      People ex rel. McHarg *v.* Gaus.      [Dec.,

Opinion of the Court, per Landon, J.     [Vol. 169.

being timely made because of the residence of the executors in different wards within the state.

In the case last cited we expressly refrained from passing upon the manner of taxation and its extent in case of the non-residence within the state of one of several executors co-holding within the state all the personal property assumed to be assessed. The statute declares it taxable here, and as the statute of 1850 permits in the city of Albany the form of assessment adopted in this case, we think that the original assessment was not improperly made against all the executors.

But the board of assessors in making the completed assessment roll, after hearing the relators' alleged grievances, changed the entry " Marcus T. Hun and others, executors of the estate of Joshua Howard King," into " Marcus T. Hun, Benjamin W. Johnson and Henrietta King of the City of Albany, and Henry K. McHarg of Stamford, Conn., executors of the estate of Joshua Howard King, 31 Elk Street," and inserted $516,000 under the column entitled " Full value of personal property taxed " instead of $550,000 under the column entitled " Personal " in the original roll. We think that within their power to " review their assessments on the application of any person conceiving himself aggrieved," this was admissible. The correction did not strike out Mr. Hun's name and thus leave him unassessed. It did not, by the insertion of the names of the three others already intended to be designated, substitute one person for another or different persons from those already thereon by description. It placed the assessment " under their names " instead of " under the name of any one of them," and left " the addition of their representative character " untouched. It did not first make the assessment by making the correction, but corrected by more exact words the assessment already made.

The appellants cite cases to the effect that a descriptive paraphrase like the " Estate of A. B " (*Matter of McCue* v. *Bd. Supers. Monroe Co.*, 162 N. Y. 235), " Heirs of A B " (*Cruger* v. *Dougherty*, 43 N. Y. 107), " Foster, John, or occupant " (*Dubois* v. *Webster*, 7 Hun, 371), will not suffice. The statute

does not permit such indefiniteness. In the case of executors the statute of 1850 makes "the name of any one of them, where there are several, with the addition of their representative character," sufficient, thus recognizing that where there are more executors then the one named the addition of the representative character of all, and thus of the "others," will suffice. The subsequent insertion of names of the others simply makes definite by expression what was already definite by description, intendment and implication. There are authorities to the effect that "Henry" was not thus improperly changed to "Harry P." and "executors" stricken out from the description "executors and trustees." (*People ex rel. Pike* v. *Barker*, 86 Hun, 283; affd., 146 N. Y. 404; *People ex rel. Neustadt* v. *Coleman*, 42 Hun, 581.)

We think the order of the Appellate Division should be affirmed, with costs.

O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur; PARKER, Ch. J., and BARTLETT, J., not voting.

Order affirmed.