PEOPLE ex rel. FARMERS' LOAN & TRUST CO. et al. v. WELLS
et al., Tax Com'rs.

(Supreme Court, Special Term, New York County.   February 18, 1903.)

1. TAXATION—EXECUTORS—RESIDENCE.
    Tax Law (Laws 1896, p. 797, c. 908, § 3) declares that all personal property situated or owned within the state is taxable, unless exempt by law. Held, that two executors residing in the state are taxable for all the personal property of the estate of their testator, although a third executor resides out of the state.

2. SAME—DEDUCTION OF DEBTS—INCUMBRANCE ON PROPERTY.
    Tax Law (Laws 1896, p. 800, c. 908, § 6) provides that no deduction shall be allowed in the assessment of personal property by reason of the indebtedness of the owner on account of any indirect liability as surety, indorser, or otherwise. Held, that one purchasing real estate subject to a mortgage debt, who does not assume the debt, is not entitled to deduct the debt from an assessment against his personalty.

Certiorari by the people, on the relation of the Farmers' Loan & Trust Company and others, as executors of the will of Eugene A. Hoffman, deceased, against Wells and others, tax commissioners, to review the assessment of the estate for taxation.   Writ quashed

Paul R. Towne (Wm. H. Harris, of counsel), for relators.
John J. Delany (George S. Coleman and Curtis A. Peters, of counsel), for respondents.

FITZGERALD, J.   Eugene A. Hoffman, a resident of the county of New York, died on June 17, 1902, his last will and testament was admitted to probate by the surrogate of the county of New York on June 27th following, and letters testamentary were duly issued to the Farmers' Loan & Trust Company, a domestic corporation organized under the laws of this state, and having its principal office in the borough of Manhattan, William H. Harris, a resident of the borough of

Manhattan, and Samuel V. Hoffman, a resident of Morristown, in the state of New Jersey, as executors and trustees under said will, all of whom duly qualified and entered upon the discharge of their duties, and thereupon took possession of testator's property, and had in their possession and under their control in the borough of Manhattan, on the second Monday of January, 1903, personal property which amount-ed in the aggregate to $1,112,665. The commissioners of taxes and assessments of the city of New York assessed for the year 1903 the Farmers' Loan & Trust Company and William H. Harris, two of the executors and trustees, as such, at the sum of $1,500,000. This sum was subsequently reduced, and the amount finally determined at $1,054,000. Relators object to this assessment on two grounds: First. That the Farmers' Loan & Trust Company and William H. Harris could be assessed for personal property held by them as executors and trustees on a sum equal only to two-thirds of the total sum held by them jointly with the nonresident executor and trustee. Second. That they were entitled to have the mortgages, which were liens upon two parcels of real estate when acquired by decedent, but which he had not assumed, deducted from the amount fixed by the commissioners.

The question involved in relators' first objection seems to have been passed upon and settled in People ex rel. McHarg v. Gaus, 169 N. Y. 19, 61 N. E. 987, where the court held (page 27, 169 N. Y., and page 989, 61 N. E.):

"The tax law [Laws 1896, p. 797, c. 908] § 3, declares that 'all personal property situated or owned within this state is taxable unless exempt from taxation by law.' The property in question is not exempt by law; it is situated within this state. It must be taxable either where it is situated, or where its holder or controller resides. It does not follow that because Mr. McHarg does not reside in Albany that the property is not taxable there, for he can exercise his holding and control by means of his direction to its custodian in Albany."

In People ex rel. Ives v. Wells (not reported), where practically the same question as in the case at bar was presented, Mr. Justice Smith said:

"I think the decision of the Court of Appeals in the case of People ex rel. McHarg v. Gaus, 169 N. Y. 19 [61 N. E. 987], is controlling against the contention of the relator herein, and that it was the intent of the court in that case to hold that all personal property situated in the state of New York is taxable here in case such property is held by executors, one or more of whom reside in this state, and one or more reside in another state. The case of the People ex rel. Beaman v. Feitner decided only that where personal property situated in New Jersey was held by three trustees, one of whom resided in this state, the trustee residing in this state should be assessed here for one-third of the personal property of the estate, notwithstanding it was all deposited in another state."

Relators' second objection cannot be sustained. Section 6, Tax Law (Laws 1896, p. 800, c. 908), provides that "no deduction shall be allowed in the assessment of personal property by reason of the indebtedness of the owner contracted or incurred in the purchase of nontaxable property or securities owned by him or held for his benefit, nor for or on account of any indirect liability as surety, grantor, indorser or otherwise. * * *" Or, in other words, deductions can only be made where the obligation is a direct legal one. In this matter the debt (the mortgage) was not contracted or assumed by the

decedent, and therefore not his debt. In People ex rel. D. & H. Co. v. Feitner, 61 App. Div. 129, 70 N. Y. Supp. 500, affirmed 171 N. Y. 641, 63 N. E. 786, in passing upon a claim similar to the one here presented, the court said (page 133, 61 App. Div., and page 504, 70 N. Y. Supp.):

"These bonds were not, when issued, obligations of the relator, but were obligations of the Albany & Susquehanna Railroad Company, and secured by a mortgage upon its property. When the relator sold these bonds, it guarantied the payment of the principal, and interest thereon, but that guaranty did not make the relator the principal debtor. * * * It certainly cannot be said, however, that this obligation to pay the principal upon these bonds is an original obligation or anything more than a guaranty of the obligation of the Albany & Susquehanna Railroad Company to pay the bonds."

In People ex rel. Nat. Surety Co. v. Feitner, 166 N. Y. 129, 59 N. E. 731, Parker, C. J., said (page 132, 166 N. Y., and page 732, 59 N. E.):

"Our inquiry, therefore, should be whether the item which is the subject of the controversy was a debt on the part of the relator; if it were, the assessors erred in not deducting it; if not, there was no authority for so doing."

Writ quashed and assessment affirmed, with costs.