Patterson, O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment modified as directed in opinion, and as modified affirmed, without costs.

---

The People of the State of New York ex rel. The Farmers' Loan and Trust Company and Others, as Executors of and Trustees under the Last Will and Testament of Eugene A. Hoffman, Deceased, Appellants, v. James L. Wells and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

*Assessment for personal property located in the State of New York — effect of the non-residence of one of three executors — what deductions are allowable.*

Where the will of a deceased resident of the State of New York appoints as executors and trustees a resident of the State of New Jersey and two residents of the State of New York, the amount of an assessment for personal property under the control of the executors and trustees in the State of New York is not, by reason of the non-residence of the third executor and trustee, limited to two-thirds of the amount of such personal property.

In making such an assessment the executors and trustees are not entitled to have deducted therefrom mortgages which were liens upon parcels of real estate when acquired by the testator, but which the testator had not assumed.

Appeal by the relators, The Farmers' Loan and Trust Company and others, as executors of and trustees under the last will and tes-

**464** PEOPLE ex rel. FARMERS' L. & T. CO. *v.* WELLS.

First Department, May, 1904. [Vol. 94.

tament of Eugene A. Hoffman, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1904, denying the relators' motion to vacate a certain assessment on personal property and confirming said assessment.

*William H. Harris*, for the appellants.

*George S. Coleman*, for the respondents.

Order affirmed, with costs, on opinion of court below.

Patterson, J., concurred in result.

Van Brunt, P. J. (dissenting):

I dissent. I know of no statute or rule of law which makes personal property taxable anywhere but where its owner resides.

The following is the opinion of Mr. Justice Fitzgerald, delivered at Special Term:

Fitzgerald, J.:

Eugene A. Hoffman, a resident of the county of New York, died on June 17, 1902; his last will and testament was admitted to probate by the surrogate of the county of New York on June twenty-seventh following, and letters testamentary were duly issued to the Farmers' Loan and Trust Company, a domestic corporation organized under the laws of this State, and having its principal office in the borough of Manhattan, William H. Harris, a resident of the borough of Manhattan, and Samuel V. Hoffman, a resident of Morristown, in the State of New Jersey, as executors and trustees under said will, all of whom duly qualified and entered upon the discharge of their duties, and thereupon took possession of testator's property, and had in their possession and under their control in the borough of Manhattan, on the second Monday of January, 1903, personal property which amounted in the aggregate to $1,112,665. The commissioners of taxes and assessments of the city of New York assessed for the year 1903 the Farmers' Loan and Trust Company and William H. Harris, two of the executors and trustees, as such, at the sum of $1,500,000. This sum was subsequently reduced and the amount finally determined at $1,054,000. Relators object to this assessment on two grounds: *First.* That the Farmers' Loan and Trust Company and William H. Harris could be assessed for

personal property held by them as executors and trustees on a sum equal only to two-thirds of the total sum held by them jointly with the non-resident executor and trustee.   *Second.* That they were entitled to have the mortgages, which were liens upon two parcels of real estate when acquired by decedent, but which he had not assumed, deducted from the amount fixed by the commissioners. The question involved in relators' first objection seems to have been passed upon and settled in *People ex rel. McHarg* v. *Gaus* (169 N. Y. 19), where the court held (p. 27): "The Tax Law, section 3, declares that 'All personal property situated or owned within this State is taxable unless exempt from taxation by law.' The property in question is not exempt by law; it is situated within this State. It must be taxable either where it is situated, or where its holder or controller resides.   It does not follow that because Mr. McHarg does not reside in Albany that the property is not taxable there, for he can exercise his holding and control by means of his directions to its custodians in Albany." In *People ex rel. Ives, etc.,* v. *Wells* (not reported), where practically the same question as in the case at bar was presented, Mr. Justice Sᴍɪᴛʜ said: "I think the decision of the Court of Appeals in the case of *People ex rel. McHarg* v. *Gaus* (169 N. Y. 19) is controlling against the contention of the relator herein, and that it was the intent of the court in that case to hold that all personal property situated in the State of New York is taxable here in case such property is held by executors, one or more of whom reside in this State, and one or more reside in another State.   The case of *People ex rel. Beaman* v. *Feitner*\* decided only that where personal property situated in New Jersey was held by three trustees, one of whom resided in this State, the trustee residing in this State should be assessed here for one-third of the personal property of the estate, notwithstanding it was all deposited in another State."

Relators' second objection cannot be sustained.   Section 6 of the Tax Law (Laws of 1896, chap. 908) provides that "no deduction shall be allowed in the assessment of personal property by reason of the indebtedness of the owner contracted or incurred in the purchase of nontaxable property or securities owned by him or

\* 168 N. Y. 360, revg. 63 App. Div. 174.—[Rᴇᴘ.

held for his benefit, nor for or on account of any indirect liability as surety, guarantor, indorser or otherwise * * *." Or, in other words, deductions can only be made where the obligation is a direct legal one. In this matter the debt (the mortgage) was not contracted or assumed by decedent, and, therefore, not his debt. In *People ex rel. Delaware & Hudson Co.* v. *Feitner* (61 App. Div. 129; affd., 171 N. Y. 641), in passing upon a claim similar to the one here presented, the court said (p. 133): " These bonds were not, when issued, obligations of the relator, but were obligations of the Albany and Susquehanna Railroad Company, and secured by a mortgage upon its property. When the relator sold these bonds, it guaranteed the payment of the principal and interest thereon, but that guaranty did not make the relator the principal debtor. * * * It certainly cannot be said, however, that this obligation to pay the principal upon these bonds is an original obligation or anything more than a guaranty of the obligation of the Albany and Susquehanna Railroad Company to pay the bonds." In *People ex rel. National Surety Co.* v. *Feitner* (166 N. Y. 129) PARKER, Ch. J., said (p. 132): " Our inquiry, therefore, should be whether the item which is the subject of this controversy was a debt on the part of the relator; if it were, the assessors erred in not deducting it; if not, then there was no authority for so doing." Writ quashed and assessment affirmed, with costs.