## CITY OF NEW YORK v. GOSS et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. TAXATION—PROPERTY OF DECEDENT'S ESTATE—LIABILITY OF ADMINISTRATORS.

  Where the property of defendants' intestate was duly assessed while in their hands, under Laws 1896, pp. 800, 809, c. 908, §§ 8, 32, providing that every person shall be taxed for all personal property under his control as administrator, etc., and making persons holding taxable property as administrators, etc., assessable therefor as such, defendants became personally liable for taxes so imposed, and the fact that they distributed the estate after its assessment did not relieve them from liability.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 174.]

2. SAME — ACTIONS FOR UNPAID TAXES — DISMISSAL — DISCRETION OF COURT — STATUTES.

  Under Greater New York Charter, Laws 1901, p. 395, c. 466, § 934, authorizing the court, in proceedings to enforce payment of personal property taxes, to dismiss the proceedings in its discretion on such terms as shall be just, where it is satisfied that the person taxed is unable to pay the taxes, where there was nothing in the record to show that defendants were unable to pay taxes duly assessed on property held by them as administrators, the discretion of the court was improperly exercised in relieving the estate from taxation.

Appeal from Special Term.

Action by the city of New York against James M. Goss and others, as administrators of the estate of Michael Goss, deceased, to recover taxes on personal property of decedent. From an order dismissing the action, plaintiff appeals. Order reversed, and motion denied.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

David Rumsey and William H. King, for appellant.
Henry M. Powell, for respondents.

INGRAHAM, J.  Letters of administration were issued to the de-
fendants upon the estate of Michael Goss on March 4, 1904, and on
the second Monday of January, 1905, they had all the estate of the
decedent in their hands.  The property of the decedent in their hands
thus became subject to taxation for the year 1905, and the tax com-
missioners assessed the property of the estate at the sum of $50,000.
It is not disputed but that the assessment was valid and that thereby
the property of the decedent became subject to taxation for that year.
The complaint alleges that the annual record of assessed valuations
for real and personal estate was kept open for examination and cor-
rection from the second Monday of January until the 1st day of April
in said year, and that fact duly advertised according to law, and this
is not disputed.  One of the defendants testified that he received a
notice in relation to taxation, addressed to him as administrator of
the estate, but that he did not know when it was, or for what year;
but as the decedent died on March 4, 1904, and the estate was finally
distributed before March 10, 1905, this notice must have related to
the tax for 1905.  The tax having been duly imposed according to
law, the defendants became personally liable to pay the tax that was
imposed upon the property in their hands, or which was under their
control, as agents, trustees, guardians, executors, or administrators.
Sections 8 and 32 of the tax law (chapter 908, pp. 800, 809, of the
Laws of 1896); Williams v. Holden, 4 Wend. 223; People ex rel.
Beaman v. Feitner, 168 N. Y. 360, 61 N. E. 280.  And the fact that
the defendants distributed this estate after it became subject to the
tax does not relieve them from their liability to the city to pay the
tax legally imposed.

By section 934 of the charter (Laws 1901, p. 395, c. 466) the court
was authorized on motion of either party to dismiss the suit or pro-
ceedings absolutely upon the payment of such part of the tax and
costs as shall be just in any case where it shall be satisfied that the
person or persons taxed are unable for want of property or other rea-
son to pay any tax, or have an equitable defense to such suit or pro-
ceeding.  Nothing appears in the record which brings the defendants
within this provision of the charter.  It is not shown that they are
unable for want of property or other reason to pay the tax, as it is
a personal liability and not released by the voluntary distribution by
the defendants as administrators of the property of the decedent in
their hands.  The property of the decedent was taxable, the tax was
imposed according to law, the defendants had notice of the assess-
ment of the property for taxation and the city had the right to enforce
the payment of the tax.  To allow a voluntary distribution of the as-
sets of an estate after the property had become taxable by law, and
after an assessment of the property for the tax had been actually
made, would render it quite impossible to ever collect any tax from an
estate, and furnish a method by which all estates could escape tax-
ation—a result certainly not contemplated by the statute.  I think

there was nothing in the facts as they appeared to justify the court below in exercising its discretion, so as to relieve the estate from taxation.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.