WATERTOWN IMPROVEMENT AND CONSTRUCTION COMPANY, Plaintiff, *v.* THE CITY OF WATERTOWN and Others, Defendants.

Supreme Court, Jefferson County, October 15, 1932.

*John Conboy,* for the plaintiff.

*William W. Kelley, Corporation Counsel* [*Delos M. Cosgrove* of counsel], for the defendants.

LEWIS, EDMUND H., J. The defendants move to dismiss the complaint which is by a corporate taxpayer of the city of Watertown, N. Y.

Under the complaint the plaintiff seeks to vacate the tax levy made by the city council of the city of Watertown for the payment of the expenses of the public schools for the year 1932, including the salaries of teachers and other expenses incidental to the functions of the board of education. As incidental relief the plaintiff asks that all contracts entered into with the teachers of elementary schools, high schools and other school officials and employees for the year 1932 be declared void and that *pendente lite* the defendants be enjoined from levying or collecting any tax to meet the estimate of the board of education or to pay its teachers or employees under said contracts. In the event the collection of the tax and the payment of teachers is not enjoined and the defendants are successful in their suit, the plaintiff asks that the defendants who are members of the board of education be held personally liable to reimburse the city for such payments.

Reduced to its simplest terms, the contention of the plaintiff is that under section 117 of the charter of the city of Watertown (Laws of 1923, chap. 660) the annual estimate of school expenses submitted to the city council by the board of education after giving credit for estimated receipts from the State and other sources cannot legally exceed forty-two dollars for each pupil enrolled during the previous school year. The estimate submitted by the board of education for the year 1932 exceeds forty-two dollars per enrolled pupil. The council has ratified such estimate without modification of a single item. Is there legal authority for the collection of a tax based upon an estimate so approved?

The question involves the interpretation of section 117 of the charter of the city of Watertown, the relevant provisions of which are as follows:

" § 117. On or before the first day of July in each year, the board of education shall submit in writing to the council an estimate for the ensuing school year of such sum of money as it may deem necessary for the purposes permitted by the provision of law for the expense of the public schools and other matters under the charge or control of such board, after crediting thereto the estimated balance which may remain in the school budget at the close of its fiscal year and the amount anticipated in the next apportionment of school funds from the state and the estimated amount to be received from all other sources. In case the council shall ratify the estimates of expenditures so submitted, the amount of such estimate shall constitute the sum to be raised for the board of education by taxation for the ensuing year; the council may modify any item of the estimate for expenditures so submitted, and in such case it shall be the duty of the city clerk to forthwith certify to the

president of the board of education such modification; the board of education shall have power by the vote of two-thirds of all members thereof, at any regular or special meeting called for that purpose, within one week from the date of the receipt of the certification of the city clerk by the president of the board of education, to declare by resolution that the estimated amount so submitted to the council, or a less sum, in either case is necessary for the conduct of the schools for the ensuing year which amounts so finally determined by the board of education shall not exceed the sum of forty-two dollars for the school year commencing September first, nineteen hundred and twenty-three, and each school year thereafter for each pupil enrolled in the public schools during the preceding year or such further amount per enrolled pupil as the council may fix by resolution or ordinance."

I conclude that the tax in question is legal. That conclusion is based both upon an analysis of the letter of the statute — the phrasing and content of the sentences employed by the Legislature, and an interpretation of the Legislature's intent considered from the viewpoint of practical results to be obtained.

It will be noted that the statute in question in one sentence states: " In case the council shall ratify the estimates of expenditures so submitted, the amount of such estimate shall constitute the sum to be raised for the board of education by taxation for the ensuing year." No language could be clearer. If the council ratifies the board's estimate, as was done in this case, the amount to be raised by tax levy is legally fixed.

The limitation of forty-two dollars per enrolled pupil which the plaintiff's argument invokes does not apply where the council in the first instance ratifies the estimate submitted by the board of education. That limitation appears in the succeeding clause which defines the council's power in the event it *modifies* " any item of the estimate for expenditures so submitted." In that event and upon the resolution of the board of education declaring "that the estimated amount so submitted to the council or a less sum * * * is necessary for the conduct of the schools for the ensuing year," the council, upon a resubmission of the estimate, is authorized to ratify the same provided its total does not exceed forty-two dollars per pupil enrolled during the preceding year " or such further amount per enrolled pupil as the council may fix by resolution or ordinance."

Construed on the basis of sentence structure and content alone, the statute supports the action taken by the board of education and the city council. The estimate submitted by the board was " ratified " by the council without modification, thereby excluding the application of that clause of the statute which employs the limiting figure of forty-two dollars per enrolled pupil.

To adopt the interpretation for which the plaintiff contends would not only disregard the language of the act as indicated above, but would impute to the Legislature a purpose to stifle rather than foster normal development in the field of education through the public schools of Watertown. Let us consider where the plaintiff's argument leads as a matter of practical results.

The figure of forty-two dollars per enrolled pupil as limiting in any way the total estimate of the board of education was fixed by chapter 660 of the Laws of 1923. If the plaintiff is correct in its interpretation of the statute, the annual budget for the expenses of public schools in Watertown since 1923 could never legally have exceeded that figure. It is a matter of common knowledge that since 1923 substantial increases in the annual cost of the school system in Watertown have taken place.

On August 1, 1923 — less than three months after the Legislature had placed the limiting figure of forty-two dollars in the statute under consideration — the same Legislature fixed the minimum salaries to be paid to teachers of elementary and high schools and established the minimum annual increment to which each teacher would be entitled thereafter. (Laws of 1923, chap. 851 [Education Law], § 886.) By that mandatory legislation the board of education of the city of Watertown was required each year to provide funds to meet not only fixed minimum salaries for all teachers but also for minimum annual increases in those salaries.

The plaintiff conceded upon the argument another increase in the cost of the public school system resulting from a heavy bonded debt which has been incurred for necessary new schools, the interest upon which bonds must be included within each annual budget of the board of education. In addition it cannot be denied that the cost of general service, school supplies and maintenance has shown a marked increase.

These increases in the cost of public instruction, to which reference has been made above, could not be avoided. Accepting these increases as facts, as we must, it follows, if plaintiff's argument is sound, that a fixed maximum estimate of school expenses limited to forty-two dollars per enrolled pupil would necessarily reduce the remaining amount available for teachers' salaries and other essentials. As the salaries of teachers and their annual increases are now controlled by statute and as interest upon school bonds must be paid, the board of education would be forced back to the position where the number of teachers must be reduced at a time when the number of pupils is constantly increasing.

No rule of statutory construction properly applied would lead to such a result. It is one of the fundamental rules in the inter-

pretation of statutes that of two constructions which can be given an ambiguous statute, that which will cause objectionable results is to be avoided. The Legislature is presumed to have intended that good will result from its laws — " a bad result suggests a wrong construction." (*People ex rel. Beaman* v. *Feitner*, 168 N. Y. 360, 366.) It is presumed that the effort of the lawmakers is to promote the public interests. A construction of a statute which is contrary to reason or tends to sacrifice public interests and welfare is not favored by the courts. (*People ex rel. Nechamcus* v. *Warden*, 144 N. Y. 529.) " The principles ordinarily governing the interpretation of statutes command us to favor a construction which is most agreeable to reason and justice." (*People* v. *Ahearn*, 196 N. Y. 221, 227.)

The increase in the cost of public instruction since 1923 could not have been avoided unless the city of Watertown was willing to allow its schools to become unsafe and its system of public instruction to be inadequate to the demands of the increased population. Such a condition would not be tolerated by the Department of Education of the State of New York in whose ultimate charge the management and supervision rest. (Education Law, § 20.) As we search for the intent of the Legislature upon this particular subject let us bear in mind the mandate of the Constitution of this State made directly to the Legislature: " The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this State may be educated." (N. Y. Const. art. 9, § 1.)

It must be assumed that when the Legislature passed the act here under consideration, which has to do with the maintenance of the common schools and high schools of Watertown, it intended practical betterment, not stagnation, for the school system of Watertown. I am not willing to believe it intended to so limit expenditures as to cause retrogression in the educational branch of government where the normal requirements of a growing city call for progress.

The plaintiff has alleged in its complaint that the estimate of the board of education " was submitted to the Council and was accepted by it." Upon a motion addressed to the sufficiency of the complaint the allegations of the pleading must be accepted as true. Accordingly, under the interpretation of section 117 of the city charter, which I believe to be correct, the admission by the plaintiff that the city council accepted the estimate submitted by the board of education without modification defeats the plaintiff's right to the relief sought in this action. A cause of action is not stated in the complaint. The motion by defendants to dismiss the complaint is granted. Order accordingly.