Per Curiam.

Plaintiff moved for summary judgment striking out defenses contained in the answer, and for the relief demanded in the complaint. On return of the motion, defendant applied for judgment on the pleadings dismissing the complaint. Both motions were denied, and each side appeals.
The complaint alleges that on December 1, 1942, the title to certain parcels of real property owned by plaintiff became vested in the Alien Property Custodian of the United States, and that such title was restored to plaintiff on April 20, 1949. The answer alleges that at the same time plaintiff was paid all of the rents, profits and income from said property between December 1, 1942, and April 20, 1949. When these properties were deeded back to plaintiff on the latter date, however, they were subject to the lien of unpaid general property taxes levied by the City of New York for the fiscal year 1943-1944. This action is brought to cancel these taxes, upon the theory that they were imposed in violation of subdivision 1 of section 4 of the Tax Law of New York State, exempting “ Property of the United States ’ \
The idea that property of enemy aliens should be exempted from local taxation, while citizens of the United States are required to pay corresponding taxes upon their own realty, is unjust and absurd. It is “ a fundamental canon of [statutory] construction that a solution which will bring about an objectionable result is to be avoided, if possible. A bad result suggests a wrong interpretation. (People ex rel. Beaman v. Feitner, 168 N. Y. 360, 366.) ” (County of Herkimer v. Village of Herkimer, 251 App. Div. 126, 131 [4th Dept., 1937], affd. 279 N. Y. 560 [1939]; see, also, Matter of Breen v. Neto York Fire Dept. Pension Fund, 299 N. Y. 8, 19 [1949].)
Subdivision 1 of section 4 of the New York State Tax Law, exempting “ Property of the United States ”, appears to refer only to such property of the Federal Government as the State is precluded from taxing under the principles of McCulloch v. *407 Maryland (4 Wheat. [U. S.] 316); Van Brocklin v. State of Tennessee (117 U. S. 151), and Boeing Aircraft Co. v. Reconstruction Finance Corp. (25 Wn. [2d] 652, certiorari denied 330 U. S. 803). The United States, moreover, does not appear to have claimed sovereign immunity from taxation of property vested in the Alien Property Custodian or the Attorney General under the Trading With the Enemy Act (40 U. S. Stat. 411; 42 U. S. Stat. 1516; 60 U. S. Stat. 925; U. S. Code, tit. 50, Appendix, § 1 et seq.).
If this construction be correct, then the exception to subdivision 1 of section 4 of the Tax Law stated by chapter 18 of the Laws of 1944, “ except property subject to taxation under the constitution and laws of the United States ”, was merely declaratory of the existing law.
Upon the city’s appeal, the order appealed from should be reversed and the complaint dismissed, with $20 costs and disbursements. Insofar as appealed from by plaintiff, the order should be affirmed.
Peck, P. J., Glennon, Callahan, Van Yoorhis and Shientag, JJ., concur.
Order, so far as appealed from by plaintiff, unanimously affirmed. Order, so far as appealed from by defendant, unanimously reversed, with $20 costs and disbursements to said defendant, defendant’s motion granted and judgment directed to be entered herein dismissing the complaint, with costs. [See post, p. 1011.]