## McLEAN, Receiver of Taxes, *v.* HORN *et al.*

*(Supreme Court, General Term, First Department.* December 31, 1891.)

1. TAXATION—ASSESSMENTS AGAINST ADMINISTRATORS—COLLECTION—CONTEMPT.

An assessment for personal property imposed upon certain persons named "as administratrices will annexed estate of" H., is an assessment of the administratrices as provided by 1 Rev. St. p. 936, § 10, (6th Ed.,) and not of the estate, and is sufficient to support a commitment for failure to pay the tax under Laws 1882, c. 410, § 857.

2. SAME—MISNOMER.

Such assessment will not be invalidated because one of the three persons assessed was misnamed, her identity being sufficiently determined by her designation as administratrix.

Appeal from special term, New York county.

Application by George W. McLean, receiver of taxes in the city of New York, for an order committing Walburger Horn, Annie Fennel, and Mary Bouillon, as administrators with the will annexed of the estate of Felix Horn, for neglect to pay a personal tax assessed against them. Respondents appeal from an order directing their commitment to the jail of the city and county of New York until they shall have paid the amount of the personal tax imposed upon them, in the sum of $394, and the sum of $18 for the lawful interest thereon, and the costs and disbursements of the proceedings. Affirmed.

The assessment was made and entered upon the tax-roll for the year 1890 against "Walburger Horn, Anna Fermal, and Mary Bouillon, as administratrices will annexed estate of Felix Horn."

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*John Fennel,* for appellants. *John G. H. Meyers,* for respondent.

DANIELS, J. The petition upon which the application was founded states the assessment to have been made and the tax imposed, for personal property, upon the respondents, as the administrators with the will annexed of Felix Horn, deceased, and that the anterior proceedings provided for by the statute had been taken for the collection of the tax without obtaining that result, and thereupon the application was made for the punishment of the appellants pursuant to section 857 of chapter 410 of the Laws of 1882. The application was resisted solely upon the ground that the assessment was unlawfully made, on account of being made against the estate, and the misnomer of Anna Fennel, one of said administratrices. This misnomer consisted in giving her name as Anna Fermel, instead of Anna Fennel.

There is no foundation for the objection that the assessment is made to the estate, and not to the persons who have been appointed as its administrators. The statute has provided for the assessment of administrators by adding to their names the description of their offices, (1 Rev. St. 6th Ed. p. 936, § 10;) and that was complied with in the proceedings by which the assessment was made, and this tax was imposed, for the assessment was against Walburger Horn, and the other two persons associated with her, as administrators with the will annexed of the estate of Felix Horn. It was not an assessment of the estate alone, as was the fact in *Trowbridge* v. *Horan*, 78 N. Y. 439, and in *Haight* v. *Mayor*, etc., 99 N. Y. 280. What were held to be illegal proceedings in those cases were assessments against the estate of the deceased person, while here the assessment is against the persons named as administrators with the will annexed "estate of Felix Horn." The description is slightly elliptical, it is true, but it appears from the face of it that the intention was to assess these persons as administrators of the estate of Felix Horn, and the abbreviation and statement clearly evince that to have been the object and design of the assessors. It was not an assessment against the estate, therefore, but it was an assessment made against the administrators of the estate, as that was authorized and provided for by the statute, to which reference has been made.

In the assessment two of the administratrices are correctly named, and the misnomer affects only the other one of the three. But that misnomer is not sufficient to invalidate the proceedings, for the assessment itself discloses the fact that it was made against these persons as administrators of the estate, which is sufficient to avoid all objection on the ground of this misnomer, for the identity of the individual administratrix in this manner misnamed is ascertained and determined by the fact that the person so misnamed was one of the persons included in the assessment as an administratrix of this estate, and that it substantially complied with the directions contained in the statute for the making of the assessment and the collection of the tax. So strict a construction of the statute has not been warranted by anything contained in it, or in the nature of the proceedings, as would justify the determination that this assessment was illegally made because of this misnomer of this individual. The case might be otherwise if she was the only person named in the assessment, and she were assessed solely as an individual, but as it has been made in this instance against three individuals, each of whom is and has been named as being an administratrix of this estate, the tax may well be collected from them under the provisions of the statute prescribing this proceeding. It would be altogether too strict to exact from the assessors the literal naming of one of the administratrices, as well as of the other two, to authorize the collection of the tax under the provisions directing and permitting this proceeding. There is no merit in this objection, and the order from which the appeal has been taken should be affirmed, with $10 costs and disbursements.

All concur.