(91 App. Div. 206.)

## CITY OF NEW YORK v. STREETER.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. TAXATION—COLLECTION OF PERSONAL PROPERTY TAX—ESTABLISHMENT OF PRIMA FACIE LIABILITY—EVIDENCE—SUFFICIENCY.

Appeal from Trial Term.

Action by the city of New York against Milford B. Streeter. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Joseph A. Burr, for appellant.

Martin Saxe, for respondent.

O'BRIEN, J.   This action is brought to recover the sum of $236.42, under a provision of the charter of the city of New York which reads as follows:

"Any tax duly imposed for personal property upon any person in the city of New York which shall remain unpaid and in arrears on the 15th day of January succeeding the year in which it shall have been imposed, may be recovered with interest and costs by the receiver of taxes of said city, in the name of the city, in an action in any court of record in this state." Laws 1901, vol. 3, p. 396, c. 466, § 936.

The complaint alleged that the amount sought to be recovered was "duly imposed" as a tax upon the personal property of the defendant, and, in the form allowed by the Code, the defendant denied any knowledge or information sufficient to form a belief as to the truth of the allegations as to the tax being "duly imposed." There was nothing in the answer which affirmatively called attention to any irregularity or jurisdictional defect in the levying of the tax, but, by general denial in the form stated, the defendant sought to place upon the plaintiff the burden of establishing every step of procedure which it was necessary for the city to take in order to legally tax the defendant upon his personal property. It is to be noted, therefore, that, so far as appears, the defendant has no real grievance, but stands squarely upon the ground that, before a judgment can be taken against him for the tax claimed to have been imposed, it is incumbent upon the plaintiff to prove every step necessary for the legal imposition of such a tax.

The question, therefore, which is presented is, what proof is necessary to make out a prima facie case for plaintiff? The appellant refers us to various statutes bearing upon the procedure to be fol-

lowed and the steps to be taken by the officers charged with the duty of levying and collecting taxes in the city of New York, and contends that "the burden of proof is upon the plaintiff to establish by competent and sufficient evidence, not only that the taxing officers of the city of New York had jurisdiction of the person and property of the defendant, but also that all the requisitions of the statute relative to the imposition of the tax have been complied with"; and that, before the plaintiff is entitled to judgment, "it must show that all the proceedings taken were regular and valid, with the same exactness as would be required if a claimant under a tax sale were seeking to establish his title to the property sold." The extent of the burden thus sought to be placed upon the city in suits of this character may be seen by a brief reference to the provisions of the various statutes relating to the imposition of a personal tax, which, under the appellant's contention, it was the duty of the plaintiff to establish by sufficient evidence. The appellant, whether under an excess of liberality or a desire not to unduly enlarge the brief, or to save labor, admitted that the plaintiff was a municipal corporation; and thus no point is made of the failure of the plaintiff to prove that there was an election held at which a mayor was elected, though, to be entirely logical, we do not see why appellant did not go to the entire length of denying that the city of New York was a municipal corporation, and so compel plaintiff to prove it. Starting, however, with the admission that the plaintiff is a municipality, and giving the plaintiff the benefit of the presumption of its having a mayor, who was duly elected, the appellant then proceeds to point out that the plaintiff failed to prove a compliance with the statute which prescribes that there should be a board of taxes and assessments, which shall be appointed by the mayor, that said board shall appoint deputy tax commissioners, not exceeding forty in number, and that upon the latter, in addition to their other duties, there is the statutory obligation to assess all the taxable property in the several districts. Our attention is then called to the provisions of the statute relating to taxation, which are too numerous to separately mention, and which direct the steps to be taken and the procedure to be followed in assessing property, real and personal, and impose upon the comp-troller the duty of furnishing to the municipal assembly the amounts by law authorized to be raised by taxation, and, in the county of Kings, the sums necessary to be raised for salaries of county officers. We are then referred to the various duties devolving upon the municipal assembly to make a proper computation so as to determine the amount to be raised by taxation, after making the deduction which they are required to make. Further, it is pointed out that by statute, before the municipal assembly shall take such action, it is necessary that the assessment rolls, certified by the board of taxes and assessments, shall be delivered to it before a certain time, and that they shall remain in the custody of that body until it shall itself, or through its president, estimate and compute the respective sums in dollars and cents to be paid as a tax upon real and personal property; and then, when the assessment rolls or taxbooks are completed, it is made the duty of the city clerk to make a warrant authorizing the

receiver of taxes to collect the several sums, which warrant must be signed by the president of the council, the president of the board of aldermen, and the city clerk; and it is the further duty of the assembly to cause the assessment rolls of each borough, when completed, to be finally delivered to the receiver of taxes, with the proper warrants annexed, signed by the officers described, on or before a certain date; and that the receiver must file the assessment rolls and warrants in his office, and give public notice, by advertising in the City Record and other newspapers, that the assessment rolls have been delivered, and that the taxes are then due and payable. Then follows an enumeration of the provisions of the statute bearing upon the duty of the receiver of taxes in reference to collecting the tax, which it would take too much time to detail. The defendant does not assert that in any particular the statutory provisions have not been observed, but the insistence is that he is entitled to have the plaintiff show that every step, beginning with the legal appointment of the tax commissioners, down to the delivery of the assessment rolls to the receiver of taxes, has been followed.

If the contention of the appellant can be sustained that in an action such as this, under a general denial made upon lack of knowledge and information sufficient to form a belief, the plaintiff must make the proof stated, then the burden placed upon the plaintiff is so serious and onerous that it might well hesitate in resorting to this remedy where the amount to be collected, as in this case, is not large. It necessitates, as contended by appellant, not only proof of the due appointment of the tax commissioners by the mayor, but evidence of the proceedings, step by step, taken by the tax commissioners and their deputies, by the comptroller, the municipal assembly, and the receiver of taxes. Undoubtedly the failure to observe and follow the statutory provisions would be fatal to the imposition of a legal tax; which is but another way of saying that the requirements of the statute are jurisdictional in their nature, and must be followed in order to confer upon the taxing officers the right to levy the tax. This, however, is something quite different from inflicting upon the city the labor and expense, that would be entailed in every case where it sought to procure a judgment for the amount of tax imposed, of proving that each and every successive step required by the statutes in minutest detail had been followed. If such a rule as to the extent of the burden of proof is to be applied, what is to become of the doctrine of presumption of regularity and validity as bearing upon official acts; what force is to be given to the imposition of the tax by the commissioners, which, in and of itself, is in the nature of a judgment?

It is entirely competent and proper for a defendant to take advantage of, and point out the failure to observe, any of the provisions of law upon which the jurisdiction of the taxing officers to impose the tax depends; but without any real grievance being assigned, and without pointing out in what respect it is claimed that there has been a failure to follow the statutes, the effort of the taxpayer in this manner to evade the payment of what presumptively is his fair proportion of the burdens of government does not commend him to the favorable consideration of the court. Nor should he, except within

his legal rights, be permitted to embarrass and make it expensive for officials intrusted with the collection of the tax, where no substantial reason is suggested for requiring them in such a case to assume the excessive burden of proof which would thus be placed upon them.

With respect to the acts of judicial tribunals, as well as those of constituted boards, it has been frequently held that they will be regarded as presumptively valid until questioned or assailed, under the maxim, "Omnia præsumuntur legitime facta donec probetur in contrarium." We have not overlooked that fact that, with respect to inferior courts and statutory officers, it has been held that the maxim does not apply to such an extent as to give jurisdiction, but that this, when denied, must be proved. The tax commissioners, though in one sense statutory officers to whom have been committed ministerial duties, have, in addition, certain powers which are quasi judicial; and from this has resulted the statement, so frequently made, that, when they have determined the amount of a tax with respect to persons or property within their jurisdiction, the tax thus imposed is in the nature of a judgment. In proving a judgment it is only necessary to produce the judgment roll, and cases may be found where it has only been necessary to introduce the postea or a transcript of the judgment; and we do not see why the similitude between a judgment and a tax, to which we have adverted, should not be extended so as to liken the evidence by which the imposition of a tax shall be proven to that by which a judgment is proven. Just as by law courts are established, so by law provision is made for the creation of a department of taxes and assessments; and in proving a judgment, as it is unnecessary to prove that the judge who presided had a legal right to do so, similarly it can be presumed that the persons who undertook to improve the tax were those who were legally appointed for that purpose.

Starting, therefore, with the presumption in favor of legally constituted commissioners, and with the further presumption which exists as to the validity and regularity of their official acts, it but remains for us to determine what, with respect to a tax, would constitute that which for want of a better term we shall designate as the "judgment roll" which it is necessary to furnish in order to prove that the tax was legally imposed. The answer, we think, is supplied by those sections of the charter which, after providing for the creation of a department of taxes and assessments, direct the steps necessary to be taken in order to impose a valid tax. Chapter 17 of Charter, Laws 1897, c. 378, as amended by chapter 466, p. 1184, Laws 1901. Beginning with section 892 of the charter, we have duties assigned to the commissioners of keeping in the several offices books to be called "The Annual Record of the Assessed Valuation of Real and Personal Estate" in each borough, which books shall be open for examination and correction from the first Monday in January until the 1st of May in each year, on which last-mentioned date the same shall be closed to enable the board of taxes and assessments to prepare assessment rolls of the several boroughs for delivery to the municipal assembly. Provision is made for advertising in certain newspapers during the time the books are open for inspection. The manner in which the

assessed valuation of personal property shall be entered, the way in which applications for correction shall be made, as well as the duty which devolves upon the deputy tax commissioners to make up the aggregate amount of assessed valuation in the borough, and the final transmission of the assessment rolls to the municipal assembly, together with a statement by the comptroller showing the amounts necessary to be raised for city purposes, are all set forth. Then follow the provisions as to the duty of the municipal assembly with respect to the assessment rolls, fixing the time they should remain in its custody, and the date on or before which the municipal assembly shall cause the corrected rolls as finally completed, or a fair copy thereof, to be delivered to the receiver of taxes.

It might well be urged, therefore, in analogy to a judgment roll, that the corrected assessment roll as finally delivered to the receiver of taxes by the municipal assembly, with the certificates attached as required by law, should be regarded as prima facie evidence of the validity of the tax. It is unnecessary, however, for us to go to that extent in this case, for the reason that the proof presented by the plaintiff, viewed in the light of the maxim to which we have already adverted, is clearly sufficient, because tending to support the findings of fact made by the learned trial judge that all the steps necessary for the imposition of a valid tax were followed by the taxing officers.

In Broom's Legal Maxims, p. 697, it is said:

"Where acts are of an official nature, or require the concurrence of official persons, a presumption arises in favor of their due execution. In these cases the ordinary rule is, 'Omnia præsumuntur rite et solemniter esse acta donec probetur in contrarium'—Everything is presumed to be rightly and duly performed until the contrary is shown."

Cooley on Taxation, at page 260, says:

"It is a general rule that the returns and certificates required of an officer in the performance of an official duty are to be taken, in the proceedings in which they are made, as of unquestionable verity."

This court, in support of such a rule, has gone to the extent of holding that it is against public policy to permit even the officer to whom the duty was confided by law, and who has certified that he performed such duty, to impeach his own certificate. Brooklyn El. R. R. v. Brooklyn, 11 App. Div. 128, 42 N. Y. Supp. 683. That was an action brought to procure an adjudication that an assessment made for the purposes of taxation was illegal and void; and in the opinion it was said:

"When the assessment roll is made up it partakes of the character of a judgment, and the acts of the assessors in making it up are judicial in their character. Where the assessors have jurisdiction to act, their action becomes final, and may not be attacked collaterally in any proceeding."

In Wood v. Morehouse, 45 N. Y. 368, the court says:

"Neglect of duty by a public officer will not be presumed, but must be proved (Den v. Hillman, 7 N. J. Law, 180), and in support of his acts, the familiar maxim, 'Omnia præsumuntur rite esse acta,' stands for evidence of the fact, in the absence of other evidence. When a person is required to do an act, the not doing of which would make him guilty of a criminal neglect of duty, it shall be intended that he has duly performed it unless the contrary be shown. 'Stabit præsumptio donec probetur in contrarium.'"

Upon the trial the plaintiff introduced evidence that there were kept books of annual record, and showed the preparation therefrom of the assessment rolls, the delivery of the rolls, the computation of the tax, and the delivery of the assessment roll by the municipal assembly, after receipt thereof by it, to the receiver of taxes; and that there was furnished the certificate of the board of taxes and assessments, with the warrant of the municipal assembly indorsed thereon; and, in addition, certified copies of the City Record, together with proofs of publication. The question as to the proof necessary to sustain the finding that the books of annual record were open for examination and correction is disposed of by the case of The City v. Vanderveer (decided herein) 86 N. Y. Supp. 659. Such proof, supplemented by the testimony of the deputy tax commissioner who was intrusted with the duty of fixing the amount of the personal tax which the plaintiff should pay, and who identified the various records which were introduced in evidence as those coming from the tax department, made out, we think, a prima facie case, which placed upon the defendant the obligation of showing, if he could, some respect wherein the taxing officers had failed in their duty. The defendant, however, introduced no evidence, but rested in the trial court, as he does in this court, upon what he claims to be omissions of the defendant in furnishing in minutest detail proof of the successive steps that would end in duly imposing the tax upon the defendant. It will be seen, therefore, that there is no merit in the defendant's position, and, after examination, we are equally convinced that the contentions made are without legal force or substance.

We deem it unnecessary to follow the appellant in the detailed argument as to the respects in which he thinks there was failure to prove regularity in the imposition of the tax, such as proper publication and other minor details, because, having reached the conclusion that, upon the proof as submitted, the plaintiff made out a prima facie case which the defendant was unable or unwilling to meet or overcome, the decision of the learned trial judge was in our opinion right, and the judgment, therefore, in favor of the city should be affirmed, with costs. All concur.