(101 App. Div. 600.)

PEOPLE ex rel. KELLOGG et al. v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. TAXATION—REVIEW ON CERTIORARI—ALLEGATION AS TO INJURY.
    The petition for certiorari to review an assessment of property for taxation should show that relator has been injured by the assessment.
    [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 903.]

2. SAME—PRESUMPTIONS—BURDEN OF PROOF.
    In the review on certiorari of an assessment for taxation of property held jointly by two trustees, one of whom is a nonresident, it is presumed that the commissioners of taxes assessed only one-half of the property so held, and that to the resident trustee, as provided by Tax Law, Laws 1896, p. 800, c. 908, § 8, and the burden is on relator to show otherwise.

3. SAME—ADMISSION OF EVIDENCE.
    Where the assessment of property for taxation under review on certiorari, was made pursuant to Tax Law, Laws 1896, p. 800, c. 908, § 8, on $50,000, as one-half of a trust fund held jointly by two trustees, one of whom is a nonresident, a stipulation that the resident trustee would testify, if called as a witness, that he and his joint trustee had "in their possession and control taxable property of the value of $100,000," was admissible in evidence.

Appeal from Special Term, New York County.

Certiorari to review an assessment of personal property for taxation, on the relation of Ellen P. Kellogg and Charles M. Camp, trustees, against James L. Wells and others, as commissioners of taxes and assessments of the city of New York. From an order reducing the assessment, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George S. Coleman, for appellants.
Henry R. Ham, for respondents.

McLAUGHLIN, J. This is a proceeding to review an assessment for taxation for the year 1903 of personal property held by the relators, as trustees under the will of Charles Kellogg, deceased. They were jointly assessed, as such trustees, $50,000. One of the relators—Mrs. Kellogg—prior to the assessment becoming final, and within the time provided by statute, appeared before the tax commissioners, and submitted a verified statement to the effect that she was a resident of the state of New Jersey, and not a resident of the state of New York, and all of the securities and property of the estate held by herself and co-trustees were in the state of New Jersey, and by reason thereof she asked that the "assessment for taxation be canceled and annulled." Her co-trustee did not join in the application to have the assessment canceled and annulled, nor was any complaint made by him or her that the assessment of $50,000 was excessive. Her application was ineffectual, and she thereupon sought by writ of certiorari to review the action of the commissioners. The petition for the writ set out the facts as to Mrs. Kellogg appearing before the tax commissioners; the information she furnished to them as to her being a nonresident; that all of the property of said estate was in the state of New Jersey, and also a statement to the effect that she offered to furnish any other evidence which the commissioners might require; that they did not require further evidence; that they denied her application to cancel said assessment, either in whole or in part; and that error was committed in not canceling said assessment or reducing the same by one-half "upon the ground that Ellen P. Kellogg, one of your petitioners, and one of the two joint trustees of said estate, is not a resident of the city or state of New York; that the beneficiary of said trust is a nonresident of the state of New York, and that none of the property of said estate is within the state of New York." The return recites the terms of the will of Charles Kellogg, deceased, and the trusts created thereunder; that the will was admitted to probate in the county of New York; and that an order in transfer tax proceedings, made November 25, 1893, had valued the estate at $390,237.74, and of this sum about $286,000 was invested in bonds and other taxable property, and about $100,000 in stocks of corporations. The return further contained allegations to the effect that the relators had in their possession and control, at the time the assessment was made, at least the sum of $125,000,

and that they had not been pecuniarily injured or aggrieved by the assessment of $50,000.

It may be well doubted whether any issue was raised by the petition and the return thereto. There is no allegation in the petition or the statement of any facts in it, or the affidavit of the relator Kellogg, attached thereto, to the effect that the relators had been pecuniarily injured by the assessment, or that they, as such trustees, did not hold $50,000 of personal property liable to be assessed for the purposes of taxation. I do not understand that an assessment for the purposes of taxation can be reviewed unless the relator shows that he has been in some way injured by it. People ex rel. United Verde Copper Co. v. Feitner, 54 App. Div. 217, 66 N. Y. Supp. 769, affirmed 165 N. Y. 645, 59 N. E. 1129; People ex rel. Equitable Gas Light Co. v. Barker, 66 Hun, 21, 20 N. Y. Supp. 797, affirmed 137 N. Y. 544, 33 N. E. 336. If I am correct in this, then it would seem to follow that on the matter coming on to be heard at Special Term the proceeding should have been dismissed. Inasmuch, however, as a motion to dismiss was not made by the appellants, it would seem it was assumed by both parties that some issue was raised, and that the burden of proof was upon the appellants to show the assessment was valid. This assumption seems to follow from what took place at Special Term. At the beginning of the trial the attorney for the relators, without offering any proof whatever, moved, upon the petition, return, and writ, for the relief demanded, which was that the assessment "be set aside, vacated, or reduced." Decision upon the motion was reserved, and the respondents thereupon rested, relying evidently on an alleged presumption that the commissioners of taxes and assessments had assessed all of the personal property held by the relators as trustees—instead of one-half, as they had a right to do under the statute—at $50,000. But there was no such presumption; on the contrary, the legal presumption was that the commissioners had performed their duty, and had acted according to law in making the assessment, and the burden was upon the relators to make it otherwise appear, if such were the fact. In every case of an official act there is a presumption in favor of its legality, and proof is always required to overcome such presumption. Wood v. Morehouse, 45 N. Y. 368; City of New York v. Streeter, 91 App. Div. 206, 86 N. Y. Supp. 665; City of New York v. Vanderveer, 91 App. Div. 303, 86 N. Y. Supp. 659. The property upon which the assessment had been imposed was held by the relators jointly, and under chapter 908, p. 800, of the Laws of 1896 (section 8), one-half of it was liable —one of the trustees being a resident of the city of New York— to be assessed in such city for the purposes of taxation. People ex rel. Beaman v. Feitner, 168 N. Y. 360, 61 N. E. 280. There was therefore a presumption, which, in the absence of proof, was conclusive, that the assessment was legal; that the commissioners had acted according to law, and had imposed an assessment only upon one-half of the property held by the relators. But the commissioners did not see fit to rely upon this presumption, which they well might have done, but instead sought to prove that at the time

the assessment was imposed the relators in fact held property of the value of $100,000 subject to taxation. This proof was offered in the form of a stipulation signed by the attorneys of the respective parties, and was to the effect that Mr. Camp, one of the trustees, if called as a witness, would testify that on the second Monday of January, 1903, he was a resident of the city of New York, and as such trustee had on that day the right of joint control of the property of the trusts created under the will of Charles Kellogg, deceased, and on that day the trustees of said estate had "in their possession and control taxable property of the value of $100,000." This proof was excluded on objection of the attorney for the relators, to which an exception was taken. It is difficult to see upon what theory the proof was excluded. The relators sought to review the assessment upon the ground that as trustees they did not hold $50,000 liable to be assessed for the purposes of taxation. The respondents in the return asserted that they had $125,000. The hearing was to determine, if anything, this issue. The stipulation, unless contradicted, would have settled and determined that fact, and therefore should have been received. It was determined by this court in People ex rel. Citizens' Lighting Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73, that a proceeding under the special statutory writ authorizing a review of assessments permits a redetermination of all questions of fact upon evidence taken in part, at least, by the Special Term, or under its direction. This case was followed in People ex rel. Bibb Manufacturing Co. v. Wells, 84 App. Div. 330, 82 N. Y. Supp. 564, and also in People ex rel. Knickerbocker Safe Deposit Co. v. Wells (not yet officially reported) 91 N. Y. Supp. 283. In the latter case it was also held that a certiorari to review an assessment is, in effect, a new hearing, and the whole subject is before the court, and that evidence bearing upon the question of its validity may be introduced by either party. If effect be given to the decision, then it follows that the stipulation should have been received in evidence.

At the conclusion of the hearing the court reduced the assessment from $50,000 to $25,000, and in doing so, for the reasons already given, error was committed, and by reason thereof the order appealed from must be reversed, and the writ quashed, with $50 costs and disbursements. All concur; PATTERSON, J., in result.